**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN F. MORGAN,                              )
              **Petitioner**                    )
                                )
       **v.**                                           )        **C.A. No. 05-244 Erie**
                                )
ERIE COUNTY COURTHOUSE,           )
              **Respondent.**                  )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I        RECOMMENDATION**

It is respectfully recommended that the instant *habeas corpus* action be dismissed for

Petitioner's failure to prosecute.

**II        REPORT**

On August 23, 2005, the Clerk of Courts received a Petition for Writ of *Habeas Corpus*

from Petitioner John F. Morgan, an inmate at the State Correctional Institution at Mahanoy, in

Frackville, Pennsylvania; however, Petitioner did not pay the filing fee or file a motion to

proceed *in forma pauperis*.  Thus, by Order of this Court dated September 2, 2005, Petitioner

was directed to pay the filing fee of $5.00 to the Clerk of Courts or file a motion to proceed *in*

*forma pauperis* with an accompanying institutional account statement before September 21,

2005, or suffer dismissal of this case for failure to prosecute.  To date, the filing fee remains

unpaid and Petitioner has failed to file a motion to proceed *in forma pauperis*.

The United States Court of Appeals for the Third Circuit has set out a six-factor

balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis

v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider:

1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by

the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4)

whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III      CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: November 8, 2005

cc:     The Honorable Maurice B. Cohill
        United States District Judge